1
2
3
4
5
6
7
8                         UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MARK D. BRADBURY,                     No.  2:15-cv-0840 KJM AC PS (TEMP)

12              Plaintiff,

13        v.                               ORDER AND FINDINGS AND
                                           RECOMMENDATIONS
14   COUNTRYWIDE HOME LOANS, INC.,
     et al.,
15

16              Defendants.

17

18          This matter came before the court on December 16, 2015, for hearing of defendants'

19   motions to dismiss.[1]  Plaintiff Mark Bradbury appeared in person on his own behalf and attorney

20   Deleyla Lawrence appeared telephonically on behalf of the defendants.  After hearing oral

21   argument, defendants' motions were taken under submission.

22                               BACKGROUND

23          Plaintiff commenced this action on April 20, 2015, by filing a complaint and paying the

24   required filing fee.  (ECF No. 1.)  Plaintiff's complaint seeks to quiet title to his "purchased

25   residential property," 3100 Kerria Way, Sacramento, California 95821.  (Compl. (ECF No. 1) at

26

27   _____

28   [1]  Plaintiff is proceeding pro se in this action.  Therefore, the matter was referred to the
     undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

                                            1

1.[2])  Named as defendants are Countrywide Home Loans, Inc., ("Countrywide"), Mortgage

Electronic Registration Systems, Inc., ("MERS"), and Bank of New York Mellon FKA The Bank

of New York as Trustee for Certificateholder of the CWABS, Inc., Asset-Backed

Certificates, Series 2005-3, ("BNYM") (collectively "Defendants").

On May 6, 2015, plaintiff filed a motion for notice of lis pendens but did not notice that

motion for a hearing.  (ECF No. 5.)  On June 12, 2015, defendant BNYM filed a motion to

dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure

("Rule") and noticed that motion for hearing before the previously assigned Magistrate Judge.

(ECF No. 9.)  On July 17, 2015, defendants Countrywide and MERS filed a motion to dismiss

plaintiff's complaint pursuant to Rule 12(b)(1) and 12(b)(6) and also noticed that motion for

hearing before the previously assigned Magistrate Judge.  (ECF No. 13.)

On October 19, 2015, plaintiff filed a proposed amended complaint.[3]  (ECF No. 23.)  On

October 19, 2015, plaintiff filed a motion to strike the motion to dismiss filed by defendant

BNYM but did not notice that motion for a hearing.  (ECF No. 24.)  On November 6, 2015, this

action was reassigned from the previously assigned Magistrate Judge to the undersigned.  (ECF

No. 26.)  On December 2, 2015, defendants filed a motion to strike plaintiff's proposed amended

complaint and noticed that motion for hearing before the undersigned on February 10, 2016.

(ECF No. 29.)

STANDARDS

I.      Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by

motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific

---

[2]  Page number citations such as this one are to the page numbers reflected on the court's
CM/ECF system and not to page numbers assigned by the parties.

[3]  Under Rule 15 of the Federal Rules of Civil Procedure, a plaintiff may amend his complaint
once as a matter of course within twenty-one days after serving it or twenty-one days after service
of a responsive pleading or motion pursuant to Rule 12(b).  In all other cases, a plaintiff may
amend his complaint with defendants' written consent or the court's leave.  See FED. R. CIV. P.
15.  Here, plaintiff filed his proposed amended complaint several months after defendants filed
their motions to dismiss.  Moreover, plaintiff did not obtain defendants' written consent or the
court's leave to file an amended complaint.

2

1    claims alleged in the action.  "A motion to dismiss for lack of subject matter jurisdiction may

2    either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the

3    existence of subject matter jurisdiction in fact."  Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.,

4    594 F.2d 730, 733 (9th Cir. 1979).

5          When a party brings a facial attack to subject matter jurisdiction, that party contends that

6    the allegations of jurisdiction contained in the complaint are insufficient on their face to

7    demonstrate the existence of jurisdiction.  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039

8    (9th Cir. 2004).  In a Rule 12(b)(1) motion of this type, the plaintiff is entitled to safeguards

9    similar to those applicable when a Rule 12(b)(6) motion is made.  See Sea Vessel Inc. v. Reyes,

10   23 F.3d 345, 347 (11th Cir. 1994); Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir.

11   1990).  The factual allegations of the complaint are presumed to be true, and the motion is granted

12   only if the plaintiff fails to allege an element necessary for subject matter jurisdiction.  Savage v.

13   Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n. 1 (9th Cir. 2003); Miranda v.

14   Reno, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001).  Nonetheless, district courts "may review

15   evidence beyond the complaint without converting the motion to dismiss into a motion for

16   summary judgment" when resolving a facial attack.  Safe Air for Everyone, 373 F.3d at 1039.

17         When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction, no

18   presumption of truthfulness attaches to the plaintiff's allegations.  Thornhill Publ'g Co., 594 F.2d

19   at 733.  "[T]he district court is not restricted to the face of the pleadings, but may review any

20   evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of

21   jurisdiction."  McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).  When a Rule

22   12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, plaintiff has the burden

23   of establishing that such jurisdiction does in fact exist.  Thornhill Publ'g Co., 594 F.2d at 733.

24   II.       Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)

25         The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

26   sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.

27   1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

28   sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901

1  F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to

2  relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A

3  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

4  the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v.

5  Iqbal, 556 U.S. 662, 678 (2009).

6         In determining whether a complaint states a claim on which relief may be granted, the

7  court accepts as true the allegations in the complaint and construes the allegations in the light

8  most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v.

9  United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  In general, pro se complaints are held to less

10  stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519,

11  520-21 (1972).  However, the court need not assume the truth of legal conclusions cast in the

12  form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th

13  Cir. 1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than

14  an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.  A

15  pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

16  elements of a cause of action." Twombly, 550 U.S. at 555.  See also Iqbal, 556 U.S. at 676

17  ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

18  statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove

19  facts which it has not alleged or that the defendants have violated the . . . laws in ways that have

20  not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,

21  459 U.S. 519, 526 (1983).

22         In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted

23  to consider material which is properly submitted as part of the complaint, documents that are not

24  physically attached to the complaint if their authenticity is not contested and the plaintiff's

25  complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles,

26  250 F.3d 668, 688-89 (9th Cir. 2001).

27  ////

28  ////

4

1

ANALYSIS

2          Jurisdiction is a threshold inquiry that must precede the adjudication of any case before

3  the district court.  Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d

4  1376, 1380 (9th Cir. 1988).  Federal courts are courts of limited jurisdiction and may adjudicate

5  only those cases authorized by federal law.  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375,

6  377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992).  "Federal courts are presumed

7  to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'"  Casey v. Lewis,

8  4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534,

9  546 (1986)).

10          Lack of subject matter jurisdiction may be raised by the court at any time during the

11  proceedings.  Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir.

12  1996).  A federal court "ha[s] an independent obligation to address sua sponte whether [it] has

13  subject-matter jurisdiction."  Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999).  It is the

14  obligation of the district court "to be alert to jurisdictional requirements."  Grupo Dataflux v.

15  Atlas Global Group, L.P., 541 U.S. 567, 593 (2004).  Without jurisdiction, the district court

16  cannot decide the merits of a case or order any relief.  See Morongo, 858 F.2d at 1380.

17          The burden of establishing jurisdiction rests upon plaintiff as the party asserting

18  jurisdiction.  Kokkonen, 511 U.S. at 377; see also Hagans v. Lavine, 415 U.S. 528, 543 (1974)

19  (acknowledging that a claim may be dismissed for lack of jurisdiction if it is "so insubstantial,

20  implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy

21  within the jurisdiction of the District Court"); Bell v. Hood, 327 U.S. 678, 682-83 (1946)

22  (recognizing that a claim is subject to dismissal for want of jurisdiction where it is "wholly

23  insubstantial and frivolous" and so patently without merit as to justify dismissal for lack of

24  jurisdiction ); Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) (holding that even

25  "[a] paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction

26  . . . and may be dismissed sua sponte before service of process.").

27          Here, plaintiff's complaint alleges that the court has subject matter jurisdiction over this

28  action pursuant to 28 U.S.C. § 1332.  (Compl. (ECF No. 1) at 2.)  28 U.S.C. § 1332 provides that

1    district courts have diversity jurisdiction over "all civil actions where the matter in controversy

2    exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between:

3    "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state;

4    (3) citizens of different States and in which citizens or subjects of a foreign state are additional

5    parties; and (4) a foreign state ... as plaintiff and citizens of a State or of different States."

6    "Diversity jurisdiction requires complete diversity between the parties-each defendant must be a

7    citizen of a different state from each plaintiff."  In re Digimarc Corp. Derivative Litigation, 549

8    F.3d 1223, 1234 (9th Cir. 2008).

9           Plaintiff's complaint, however, also alleges that defendant Countrywide has its

10   headquarters in Calabasas, California.  (Compl. (ECF No. 1) at 2.)  A corporation is "a citizen of

11   any State in which it has been incorporated and of the State where it has its principal place of

12   business."  28 U.S.C. § 1332(c)(1).  A corporation's "principal place of business is best read as

13   referring to the place where a corporation's officers direct, control, and coordinate the

14   corporation's activities" and is typically "the place where the corporation maintains its

15   headquarters . . . ."  Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010).

16          In this regard, plaintiff's complaint alleges that plaintiff and defendant Countrywide are

17   citizens of the same state.  The allegations found in plaintiff's complaint, therefore, fail to

18   establish that this court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §

19   1332.  Accordingly, defendants MERS and Countrywide's motion to dismiss for lack of subject

20   matter jurisdiction should be granted.

21                                    LEAVE TO AMEND

22          The undersigned has carefully considered whether plaintiff may amend his pleading to

23   establish the court's jurisdiction over this action.[4]  "Valid reasons for denying leave to amend

24   _____

25   [4]  On October 19, 2015, after defendants moved to dismiss plaintiff's complaint for a lack of
     subject matter jurisdiction, plaintiff filed a proposed amended complaint.  (ECF No. 23.)
26   Although plaintiff's filing failed to comply with Rule 15 of the Federal Rules of Civil Procedure,
     the undersigned has reviewed the proposed amended complaint in evaluating whether granting
27   leave to amend would be futile.  As is true of the original complaint, plaintiff's proposed
     amended complaint also alleges that defendant Countrywide "has its headquarters in Calabasas,
28   California."  (ECF No. 23 at 2.)  Moreover, at the December 16, 2015 hearing plaintiff conceded

                                                6

1    include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v.

2    Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake Pharm. Ass'n

3    v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to

4    amend shall be freely given, the court does not have to allow futile amendments).  In light of

5    allegations found in plaintiff's complaint, the undersigned finds that it would be futile to grant

6    plaintiff leave to amend in this case.

7                                                    CONCLUSION

8             Accordingly, IT IS HEREBY ORDERED that:

9                      1.  Plaintiff's May 6, 2015 motion for notice of lis pendens (ECF No. 5) is denied

10   without prejudice;

11                     2.  Plaintiff's October 19, 2015 motion to strike (ECF No. 24) is denied without

12   prejudice; and

13                     3.  Defendants' December 2, 2015 motion to strike (ECF No. 29) is denied without

14   prejudice and the February 10, 2016 hearing is vacated.[5]

15            Also, IT IS HEREBY RECOMMENDED that:

16                     1.  Defendants MERS and Countrywide's July 17, 2015 motion to dismiss (ECF

17   No. 13) be granted in part;

18                     2.  Plaintiff's April 20, 2015 complaint (ECF No. 1) be dismissed without

19   prejudice for a lack of subject matter jurisdiction; and

20                     3.  This action be closed.

21            These findings and recommendations are submitted to the United States District Judge

22   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

23   after being served with these findings and recommendations, any party may file written

24   objections with the court and serve a copy on all parties.  Such a document should be captioned

25   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

26   _____

27   that he was unaware of the requirements related to diversity jurisdiction and has no information to
     support an allegation that Countrywide is a citizen of another state.
     [5]  The parties may re-notice any of their motions in the event the assigned District Judge does not
28   adopt these findings and recommendations.

shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 13, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE